# Exhibit A

| STATE OF NORTH CAROLINA | File No. 23-CVS 001403 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff<br>Victor Carter c/o Burts Law, PLLC | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
|---|---|
| Address<br>PO Box 102 | |
| City, State, Zip<br>Newton, NC 28658 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| Name Of Defendant(s)<br>Wingstop Restaurants, Inc. and Sizzling Platter, LLC | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>Wingstop Restaurants, Inc.<br>c/o Corporation Service Company<br>2626 Glenwood Ave, Suite 550<br>Raleigh, NC 27608 | Name And Address Of Defendant 2<br>Sizzling Platter, LLC<br>c/o CT Corporation System<br>160 Mine Lake Ct, Suite 200<br>Raleigh, NC 27615 |
|---|---|

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>M. Anthony Burts II<br>PO Box 102<br>Newton, NC 28658 | Date Issued 1/23/23 | Time 2:12 ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE
FILED | SUPERIOR COURT DIVISION
MECKLENBURG COUNTY | 23-CVS- 001463

2023 JAN 23 P 2:12

MECKLENBURG CO., C S C

BY_____

VICTOR CARTER,

    Plaintiffs,

v.

WINGSTOP RESTAURANTS, INC. and
SIZZLING PLATTER, LLC,

    Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**

**NOW COMES** the Plaintiff, Victor Carter (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint for damages and other legal and equitable relief from Defendant, Wingstop Restaurants, Inc. and Sizzling Platter, LLC's violations of North Carolina's General Statute § 143-422.2(a), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and, Negligent Hiring, Retention, and/or Training.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen and resident of North Carolina.

2. Upon information and belief, Defendant Wingstop Restaurants, Inc. is a company incorporated in the State of Texas and is duly authorized to conduct business in the State of North Carolina.

3. Upon information and belief, Defendant Sizzling Platter, LLC. is a limited liability company incorporated in the State of Nevada and is duly authorized to conduct business in the State of North Carolina.

4. Defendant Wingstop Restaurant, Inc.'s registered agent is Corporation Service Company located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. Upon information and belief, Defendant employs over nine persons.

5. Defendant Sizzling Platter, LLC's registered agent is CT Corporation System located at 160 Mine Lake Ct, Suite 200, Raleigh, NC 27615. Upon information and belief, Defendant employs over nine persons.

6. During all relevant times, Defendants have been an employer covered by N.C.G.S. § 143-422.2(a).

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by N.C.G.S. § 143-422.2(a).

1

8. Defendants transacted and continues to transact business in North Carolina by, among other things, employing persons at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 located within North Carolina and this judicial district.

9. Plaintiff was employed as the General Manager at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 until he was terminated on January 22, 2022.

## STATEMENT OF FACTS

10. Upon information and belief, at all relevant times, Defendants oversaw operations at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

11. Defendants were responsible for managing and supervising day-to-day operations at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

12. Defendants had the authority to hire employees to work for Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

13. Defendants had the authority to terminate Defendants' employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

14. Defendant's had the authority to discipline Defendants' employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

15. Defendant's were responsible for implementing policies and procedures regarding employees of Wingstop, who worked at Wingstop, specifically including any anti-discrimination and retaliation policies.

16. Prior to January 2022, Plaintiff was hired at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 as General Manager.

17. Shortly after Plaintiff began his tenure at Wingstop, District Manager Justin Kirby began sending inappropriate text messages to Plaintiff requesting sexual favors.

18. Plaintiff declined Mr. Kirby's advances and requested that he stop sending inappropriate messages.

19. After Plaintiff requested that Mr. Kirby cease all inappropriate messages, Mr. Kirby began retaliating against Plaintiff by writing Plaintiff up without reason and requiring him to work all day alone without any breaks or assistance.

2

20. Upon information and belief, working alone all day is against company policy. However, Mr. Kirby threatened to terminate Plaintiff if he did not comply and then informed Plaintiff that he was not allowed to leave the building during this shifts.

21. During Plaintiff's employment, Mr. Kirby terminated another General Manager, Miguel, after Miguel lodged a complaint against Mr. Kirby. After this termination, Mr. Kirby told Plaintiff, "that is what happens when you mess with me."

22. Mr. Kirby further threatened to terminate Plaintiff's employment if he reported him for the above-referenced conduct towards Plaintiff.

23. Prior to termination, Plaintiff informed Mr. Kirby that his W-2's for the year were incorrect. During the year, his paychecks reflected that taxes were being taken out of his pay but this was not reflected on his W-2.

24. Mr. Kirby refused to address Plaintiff's concerns relating to his taxes.

25. On or about January 22, 2022, Plaintiff was unable to get to the restaurant due to a snow storm that had come through the area the night before. Plaintiff reached out to Mr. Kirby and provided photos of the snow on his driveway.

26. Mr. Kirby did not respond to Plaintiff's message and instead went and changed the locks at the restaurant. When Plaintiff arrived later that day he was unable to get into the building. Plaintiff attempted to contact Mr. Kirby, but Mr. Kirby would not answer his phone.

27. On January 22, 2022, Plaintiff was terminated by Defendant.

28. Plaintiff's termination was approved by Defendants.

29. The torts and negligent actions of Defendant and District Manager Justin Kirby are to be imputed to the Defendants pursuant to the doctrine of respondeat superior. At all times relevant to this action, Justin Kirby was acting within the course and scope of his agency and employment by Defendants.

30. Plaintiff's employment record with Defendants was exemplary throughout the course of his employment.

## FIRST CAUSE OF ACTION
### Violation of North Carolina's General Statute § 143-422.2(a)
### (Wrongful Discharge and Public Policy)

31. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

3

32. Plaintiff, an African-American male lodged complaints with Mr. Kirby regarding sexual harassment being received and, as such, engaged in protected activity under N.C.G.S. § 143-422.2(a).

33. Defendants retaliated against Plaintiff by making his job performance more difficult when it endorsed and excused bad conduct towards him from a fellow employee as described in paragraphs 10 through 30.

34. Defendants also retaliated against Plaintiff by terminating him on or about January 22, 2022 for reason that was manufactured and without cause.

35. The conduct alleged herein violates Section (a) of under N.C.G.S. § 143-422.2(a).

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

38. Plaintiff's requests for relief are set forth below.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

39. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth therein.

40. Defendants and Justin Kirby engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously, consistently, and purposely sending inappropriate, unwarranted, sexual messages to Plaintiff.

41. Defendants and Justin Kirby engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously and purposely creating a hostile work environment.

42. Defendants and Justin Kirby intended to inflict emotional distress on the Plaintiff or, at the very least, knew or should have known that emotional distress was a likely result of their conduct.

43. Defendant's extreme and outrageous conduct has caused the Plaintiffs emotional distress..

44. Accordingly, Plaintiff is entitled to damages, attorney's fees, interest, and costs.

## THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

4

45. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth herein.

46. Defendant had a duty to uphold the law and protect the public and its employees in Charlotte, North Carolina, including Plaintiff.

47. Defendant's conduct as alleged hereinabove breached their duty of care owed to Plaintiff and proximately caused Plaintiff to experience severe emotional distress.

48. Defendant could reasonably foresee that their negligent conduct would cause Plaintiff to suffer severe emotional distress.

49. Defendant's conduct proximately caused Plaintiff to experience severe emotional distress as the result of his concern for his own welfare.

50. As a result of the conduct of Defendant, Plaintiff suffered emotional distress that no reasonable person could be expected to endure in that Plaintiff suffered harm to his emotional and psychological wellbeing.

51. Accordingly, Plaintiff is entitled to damages, attorney's fees, interest, and costs.

## FOURTH CAUSE OF ACTION
### Negligent Hiring, Retention -And/Or Training

52. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

53. Defendants have a duty to exercise ordinary and reasonable care in the screening, hiring, training, retention, supervision, and discipline of its employees.

54. Defendants breached this duty.

55. Specifically Defendants:

    a. Failed to properly train Justin Kirby prior to hiring him as a District Manager;

    b. Failed to take appropriate measures to properly address Justin Kirby's extreme and outrageous behvaior toward employees;

    c. Failed to investigate and/or punish Justin Kirby on multiple occasions;

    d. Breached its duty in other ways.

60. The Defendants' breaches of its duty directly and proximately led to damages suffered by Plaintiff.

WHEREFORE, Plaintiff, Victor Carter, respectfully requests judgment against Defendant as follows:

1. That the Court empanel a jury to hear his cause;
2. A judgment declaring that the practices complained of herein are unlawful and in violation of North Carolina's General Statute § 143-422.2(a), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and, Negligent Hiring, Retention -And/Or Training.
3. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, and anguish;
4. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;
5. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;
6. Pre-judgment and post-judgment interest, as provided by law;
7. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and
8. Granting Plaintiff other and further relief as this Court finds necessary and proper.

**THIS** is the 23rd day of January 2023.

*Burts Law, PLLC*

M. Anthony Burts II
Attorney for Plaintiff
PO Box 102
Newton, NC 28658
T. (704) 751-0455
F. (704) 413-3882
NCSB# 49878

6

Case 3:23-cv-00117-GCM    Document 1-1    Filed 02/24/23    Page 9 of 17

| STATE OF NORTH CAROLINA | File No. 23-CVS-0014103 |
|---|---|
| Mecklenburg County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Victor Carter c/o Burts Law, PLLC | **CIVIL SUMMONS** |
| Address | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| PO Box 102 | |
| City, State, Zip | |
| Newton, NC 28658 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Wingstop Restaurants, Inc. and Sizzling Platter, LLC | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Wingstop Restaurants, Inc. | Sizzling Platter, LLC |
| c/o Corporation Service Company | c/o CT Corporation System |
| 2626 Glenwood Ave, Suite 550 | 160 Mine Lake Ct, Suite 200 |
| Raleigh, NC 27608 | Raleigh, NC 27615 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| M. Anthony Burts II | 1/18/23 | 2:12 ☐ AM ☒ PM |
| PO Box 102 | Signature | |
| Newton, NC 28658 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 3:23-cv-00117-GCM   Document 1-1   Filed 02/24/23   Page 10 of 17

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
FILED   SUPERIOR COURT DIVISION
MECKLENBURG COUNTY         23-CVS- 001463

2023 JAN 23 P 2: 12

VICTOR CARTER,

MECKLENBURG CO.: C.S.C.

  Plaintiffs,      BY_____

**COMPLAINT**
**JURY TRIAL DEMANDED**

v.

WINGSTOP RESTAURANTS, INC. and
SIZZLING PLATTER, LLC,

  Defendants.

**NOW COMES** the Plaintiff, Victor Carter (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint for damages and other legal and equitable relief from Defendant, Wingstop Restaurants, Inc. and Sizzling Platter, LLC's violations of North Carolina's General Statute § 143-422.2(a), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and, Negligent Hiring, Retention, and/or Training.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen and resident of North Carolina.

2. Upon information and belief, Defendant Wingstop Restaurants, Inc. is a company incorporated in the State of Texas and is duly authorized to conduct business in the State of North Carolina.

3. Upon information and belief, Defendant Sizzling Platter, LLC. is a limited liability company incorporated in the State of Nevada and is duly authorized to conduct business in the State of North Carolina.

4. Defendant Wingstop Restaurant, Inc.'s registered agent is Corporation Service Company located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. Upon information and belief, Defendant employs over nine persons.

5. Defendant Sizzling Platter, LLC's registered agent is CT Corporation System located at 160 Mine Lake Ct, Suite 200, Raleigh, NC 27615. Upon information and belief, Defendant employs over nine persons.

6. During all relevant times, Defendants have been an employer covered by N.C.G.S. § 143-422.2(a).

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by N.C.G.S. § 143-422.2(a).

1

8. Defendants transacted and continues to transact business in North Carolina by, among other things, employing persons at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 located within North Carolina and this judicial district.

9. Plaintiff was employed as the General Manager at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 until he was terminated on January 22, 2022.

## STATEMENT OF FACTS

10. Upon information and belief, at all relevant times, Defendants oversaw operations at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

11. Defendants were responsible for managing and supervising day-to-day operations at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

12. Defendants had the authority to hire employees to work for Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

13. Defendants had the authority to terminate Defendants' employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

14. Defendant's had the authority to discipline Defendants' employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

15. Defendant's were responsible for implementing policies and procedures regarding employees of Wingstop, who worked at Wingstop, specifically including any anti-discrimination and retaliation policies.

16. Prior to January 2022, Plaintiff was hired at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 as General Manager.

17. Shortly after Plaintiff began his tenure at Wingstop, District Manager Justin Kirby began sending inappropriate text messages to Plaintiff requesting sexual favors.

18. Plaintiff declined Mr. Kirby's advances and requested that he stop sending inappropriate messages.

19. After Plaintiff requested that Mr. Kirby cease all inappropriate messages, Mr. Kirby began retaliating against Plaintiff by writing Plaintiff up without reason and requiring him to work all day alone without any breaks or assistance.

2

20. Upon information and belief, working alone all day is against company policy. However, Mr. Kirby threatened to terminate Plaintiff if he did not comply and then informed Plaintiff that he was not allowed to leave the building during this shifts.

21. During Plaintiff's employment, Mr. Kirby terminated another General Manager, Miguel, after Miguel lodged a complaint against Mr. Kirby. After this termination, Mr. Kirby told Plaintiff, "that is what happens when you mess with me."

22. Mr. Kirby further threatened to terminate Plaintiff's employment if he reported him for the above-referenced conduct towards Plaintiff.

23. Prior to termination, Plaintiff informed Mr. Kirby that his W-2's for the year were incorrect. During the year, his paychecks reflected that taxes were being taken out of his pay but this was not reflected on his W-2.

24. Mr. Kirby refused to address Plaintiff's concerns relating to his taxes.

25. On or about January 22, 2022, Plaintiff was unable to get to the restaurant due to a snow storm that had come through the area the night before. Plaintiff reached out to Mr. Kirby and provided photos of the snow on his driveway.

26. Mr. Kirby did not respond to Plaintiff's message and instead went and changed the locks at the restaurant. When Plaintiff arrived later that day he was unable to get into the building. Plaintiff attempted to contact Mr. Kirby, but Mr. Kirby would not answer his phone.

27. On January 22, 2022, Plaintiff was terminated by Defendant.

28. Plaintiff's termination was approved by Defendants.

29. The torts and negligent actions of Defendant and District Manager Justin Kirby are to be imputed to the Defendants pursuant to the doctrine of respondeat superior. At all times relevant to this action, Justin Kirby was acting within the course and scope of his agency and employment by Defendants.

30. Plaintiff's employment record with Defendants was exemplary throughout the course of his employment.

## FIRST CAUSE OF ACTION
### Violation of North Carolina's General Statute § 143-422.2(a)
### (Wrongful Discharge and Public Policy)

31. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

3

32. Plaintiff, an African-American male lodged complaints with Mr. Kirby regarding sexual harassment being received and, as such, engaged in protected activity under N.C.G.S. § 143-422.2(a).

33. Defendants retaliated against Plaintiff by making his job performance more difficult when it endorsed and excused bad conduct towards him from a fellow employee as described in paragraphs 10 through 30.

34. Defendants also retaliated against Plaintiff by terminating him on or about January 22, 2022 for reason that was manufactured and without cause.

35. The conduct alleged herein violates Section (a) of under N.C.G.S. § 143-422.2(a).

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

38. Plaintiff's requests for relief are set forth below.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

39. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth therein.

40. Defendants and Justin Kirby engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously, consistently, and purposely sending inappropriate, unwarranted, sexual messages to Plaintiff.

41. Defendants and Justin Kirby engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously and purposely creating a hostile work environment.

42. Defendants and Justin Kirby intended to inflict emotional distress on the Plaintiff or, at the very least, knew or should have known that emotional distress was a likely result of their conduct.

43. Defendant's extreme and outrageous conduct has caused the Plaintiffs emotional distress..

44. Accordingly, Plaintiff is entitled to damages, attorney's fees, interest, and costs.

## THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

4

45. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth herein.

46. Defendant had a duty to uphold the law and protect the public and its employees in Charlotte, North Carolina, including Plaintiff.

47. Defendant's conduct as alleged hereinabove breached their duty of care owed to Plaintiff and proximately caused Plaintiff to experience severe emotional distress.

48. Defendant could reasonably foresee that their negligent conduct would cause Plaintiff to suffer severe emotional distress.

49. Defendant's conduct proximately caused Plaintiff to experience severe emotional distress as the result of his concern for his own welfare.

50. As a result of the conduct of Defendant, Plaintiff suffered emotional distress that no reasonable person could be expected to endure in that Plaintiff suffered harm to his emotional and psychological wellbeing.

51. Accordingly, Plaintiff is entitled to damages, attorney's fees, interest, and costs.

## FOURTH CAUSE OF ACTION
### Negligent Hiring, Retention -And/Or Training

52. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

53. Defendants have a duty to exercise ordinary and reasonable care in the screening, hiring, training, retention, supervision, and discipline of its employees.

54. Defendants breached this duty.

55. Specifically Defendants:

    a. Failed to properly train Justin Kirby prior to hiring him as a District Manager;

    b. Failed to take appropriate measures to properly address Justin Kirby's extreme and outrageous behvaior toward employees;

    c. Failed to investigate and/or punish Justin Kirby on multiple occasions;

    d. Breached its duty in other ways.

60. The Defendants' breaches of its duty directly and proximately led to damages suffered by Plaintiff.

WHEREFORE, Plaintiff, Victor Carter, respectfully requests judgment against Defendant as follows:

1. That the Court empanel a jury to hear his cause;
2. A judgment declaring that the practices complained of herein are unlawful and in violation of North Carolina's General Statute § 143-422.2(a), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and, Negligent Hiring, Retention -And/Or Training.
3. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, and anguish;
4. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;
5. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;
6. Pre-judgment and post-judgment interest, as provided by law;
7. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and
8. Granting Plaintiff other and further relief as this Court finds necessary and proper.

**THIS** is the 23rd day of January 2023.

*Burts Law, PLLC*

M. Anthony Burts II
Attorney for Plaintiff
PO Box 102
Newton, NC 28658
T. (704) 751-0455
F. (704) 413-3882
NCSB# 49878

6